IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENT O'CONNOR PENIGAR, ) | |
| ) | 4:05cv3161 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| UNION PACIFIC RAILROAD, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on filing no. 2, the Motion to Proceed In Forma Pauperis ("IFP")[1] filed by the pro se plaintiff, Brent O'Connor Penigar, a prisoner in the Lancaster County Jail. In filing no. 2, the plaintiff states that his sole source of income is social security disability, and that he contributes to the support of his "maternal brother," Billy Roy Tyler. It appears to the court from review of the records of this case and others that Tyler, a prisoner in the Nebraska State Penitentiary, authored the complaint in this case and in other similar environmental law claims filed recently by various prisoners.

In his complaint, the named plaintiff states that he has "arrested development and diminished intelligence" as the result of lead poisoning incurred through his proximity to a "Superfund site." He seeks $500 million under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") for his alleged personal injuries.

By moving for leave to proceed IFP, the plaintiff subjects the complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

---

[1] Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's $250.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A) the allegation of poverty is untrue; or

(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff's motion for leave to proceed IFP must be denied, and the complaint must be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).  CERCLA imposes liability on an owner or operator of a facility "from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance."   42 U.S.C. § 9607(a).  The plaintiff has incurred no response costs.  There is no private cause of action under CERCLA to recover damages for personal injuries suffered as a result of violations of the statute.  See, e.g., Cabana v. Forcier, 148 F. Supp.2d 110, 114 (D. Mass. 2001)

THEREFORE, IT IS ORDERED:

1. That filing no. 2 is denied, and the plaintiff's complaint and this action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

2   That a separate judgment will be entered accordingly.

DATED this 14th day of July, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge